THE STATE, PLAINTIFF IN ERROR, v. ALEXANDER
WERNER, DEFENDANT IN ERROR.

Decided April 7, 1923.

**Receiving Stolen Goods—Alleged Error in Charge to Jury and
in Admission of Testimony.**

On error to Passaic County Quarter Sessions.

Before Justices KALISCH, BLACK and KATZENBACH.

For the plaintiff in error, *Abram Klenert* (*Weinberger &
Weinberger* of counsel).

For the state, *J. Willard De Yoe,* prosecutor of the pleas.

PER CURIAM.

The plaintiff in error was convicted in the Passaic County
Quarter Sessions Court on four indictments for receiving
stolen goods on October 5th, November 7th, December 6th
and December 18th, 1921.  The cases were tried together
and a writ of error was sued out in each case to bring the
judgments here for review.  The cases were argued together
in this court.

The first point argued in the brief is that the court erred
in its charge in stating to the jury, "There is a dispute as to
whether the defendant received these goods that is charged
in these cases, in these indictments, knowing them to have
been stolen."

The trial judge charged the jury at the outset of his charge,
as follows: "In order to convict the defendant on these
indictments or any of them, there are three necessary in-
gredients which must be proven.  The first is that the goods
were stolen.  The second is that the defendant in all, is one
or more or less of these indictments received the goods [as in

original], and the third is that the defendant knew the goods had been stolen at the time he received them."

Immediately preceding the portion of the charge excepted to, the court charged: "You have heard the proof here. You have heard the testimony of the witness Hagens as to how he stole the goods. There does not seem much dispute about the fact that he did steal goods on these premises."

The argument advanced by counsel of plaintiff in error is that the excerpt from the charge excepted to and assigned as error was harmful and prejudicial to the defendant below, in that, "It could not help but convey the impression to the jury that the goods mentioned in the indictment had been stolen, that the defendant had received the goods, and that the only controverted question of fact or dispute whether the defendant received the goods knowing them to be stolen," and especially because the court further instructed the jury, that that was the point in the case to be decided upon.

But a reference to the assignments of error and specification of causes for reversal shows that the language of the instruction relied on as error is this: "There is a dispute as to whether the defendant received these goods that is charged in these indictments knowing them to be stolen." No other portion of the charge is assigned as error or specified as cause for reversal.

What the court said was accurate. There was a dispute, according to the record, as to whether the defendant received any of the alleged stolen goods. There was proof on part of the state tending to show that the defendant did receive some of the stolen goods. He denied receiving any of them. The indictment charged the defendant with receiving the stolen goods knowing them to have been stolen. We are unable to perceive any inaccuracy or error in that portion of the charge excepted to.

The only other assignment of error argued in the brief is, "That the court committed reversible error in allowing state's witness, William C. Voorhies, to testify, over objection of counsel, as to the amount of silk he found missing and as to its value."

In the brief of counsel of plaintiff in error it is stated that this contention takes up assignments two and three and reasons for reversal likewise.

Turning to the record we find the question, "What did you find then?" objected to and an exception taken. The assignment of error is based upon the exception. But it appears from the record that the question was not answered and seems to have been abandoned by the state's counsel, and immediately following he put this question: "What did you find missing?" No objection was made to this question.

The only other question objected to and to which an exception was taken and upon which exception an assignment of error is based, was this: "Q. What would be the value of the silk in your establishment?" No ground was stated on which the objection was founded. Preceding the putting of the question objected to, the witness testified to the quantity of silk which he found missing, some eighty-nine pieces. The question sought the value of the amount of silk found missing. The goods were stolen by Hagens who was an employe of the B. Edmund David Mill and of which the witness was the manager. Hagens confessed the thefts and claimed that he disposed of some of the stolen goods to the defendant. There must be proof of value in order to establish the offense. The testimony of the value of the goods missing was competent as it was connected up with Hagen's confession of the quantity of goods stolen by him. The value of the goods had a bearing on the question of knowledge of the person alleged to have received stolen goods, as for instance, if the goods were offered for sale and bought for a ridiculously low price, that fact would be an element for a jury to consider on the question whether or not the defendant had knowledge that the goods were stolen.

The argument of counsel of plaintiff in error that the testimony was highly prejudicial to the defendant in that it placed before the jury $6,900 worth of silk was missing, is without any legal force since the mere fact that testimony is prejudicial is no legal ground for reversing a judgment, unless it also appeared that such testimony was erroneously admitted.

Judgment is affirmed.